IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ROBERT A. EATON,<br><br>             Plaintiff,<br><br>vs.<br><br>MONTANA SILVERSMITHS,<br><br>             Defendant. | CV 18-65-BLG-SPW-TJC<br><br>**FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

    Plaintiff Robert A. Eaton ("Plaintiff"), appearing *pro se*, moves to proceed *in forma pauperis*. (Doc. 1.) Permission to proceed *in forma pauperis* is discretionary with the Court. 28 U.S.C. § 1915(a). A court can grant leave to proceed *in forma pauperis* if the applicant's affidavit sufficiently indicates that the affiant cannot pay court costs and still provide the necessities of life for himself and his family. *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *see also Dupuis v. U.S. Bureau of Indian Affairs*, 2008 WL 11350202, *1 (D. Mont. Nov. 18, 2008).

    Plaintiff's motion is supported by his affidavit wherein he discloses his financial resources. (Doc. 1.) Plaintiff states that he has averaged $2,200.00 per month in worker's compensation payments for the 12 months preceding the affidavit, but that he does not know how much worker's compensation to expect going forward. He indicates that his worker's compensation payments will be

"possibly…stopped in next 1-3 months," but he does not explain either the basis for that belief or the likelihood that the payments will cease. He expects his wife to generate $3,200.00 ($4,250.00 gross) in income each month. Plaintiff listed assets of a mortgaged home with a $260,000.00 value, other real estate valued at $80,000.00, other assets totaling $26,000.00, and two vehicles of undisclosed value. Plaintiff listed five minor children, and monthly expenses totaling $5,226.00.

Having considered Plaintiff's household income, his assets, his obligations to dependents, and his expenses, the Court finds Plaintiff has failed to establish that he would be unable to provide the necessities of life for himself and his family if he were obligated to pay the filing fee for this action. Even assuming Plaintiff's worker's compensation payments will cease – which Plaintiff's affidavit does not establish – Plaintiff estimated his annual gross household income to be $51,000.00, which does not suggest indigence. Plaintiff also is in possession of relatively substantial non-liquid assets.

As another court explained when denying a motion to proceed *in forma pauperis* under similar circumstances, Plaintiff's "access to this court has not been blocked by his financial condition; rather, he is merely in the position of having to weigh the financial constraints posed if he pursues his position against the merits of his case." *Sears, Roebuck and Co. v. Charles W. Sears Real Estate*, 686 F.Supp.

385, 388 (N.D. N.Y. 1988).  That is insufficient to satisfy the requirements for *in forma pauperis* status.  Plaintiff's motion therefore should be denied.

Based on the foregoing, **IT IS RECOMMENDED** that:

(1) Plaintiff's motion to proceed *in forma pauperis* (Doc. 1) be **DENIED**; and

(2) This action be **DISMISSED** without prejudice, and the Clerk of Court be directed to close this case, unless, within 30 days of the date of Judge Watters' order adopting these Findings and Recommendation, Plaintiff pays the full $400.00 filing fee to the Clerk of Court.  If Plaintiff pays the full fee as permitted herein, the Clerk of Court should file the lodged Complaint (Doc. 2).

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of United States Magistrate Judge upon the parties.  The parties are advised that, pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court, and copies served on opposing counsel, within fourteen (14) days after entry hereof, or objection is waived.

DATED this 24th day of April, 2018.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge