IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ROBERT A. EATON,<br><br>             Plaintiff,<br><br>vs.<br><br>MONTANA SILVERSMITHS,<br><br>             Defendant. | CV 18-65-BLG-SPW-TJC<br><br>**FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

Before the Court is Plaintiff Robert Eaton's ("Plaintiff") Application for Entry of Default (the "Motion"). (Doc. 8.) Having considered Plaintiff's arguments, the Court recommends as follows.

## I.    Pertinent Facts

On May 23, 2018, Plaintiff filed an amended complaint against Defendant Montana Silversmiths ("Defendant"). (Doc. 5.) That same day a summons was issued to be served upon Montana Silversmiths, #1 Sterling Lane, P.O. Box 839, Columbus, Montana 59019. (Doc. 6.) Plaintiff's return of service was filed on May 25, 2018 indicating the summons was personally served upon Joseph Soveidi at Moulton Bellingham Longo Mather. (Doc. 7.) On June 18, 2018, Defendant filed the instant Motion, seeking entry of default under Fed. R. Civ. P. 55(a), due to

1

Defendant's ostensible failure to plead or otherwise respond the complaint. (Doc. 8.)

## II. Legal Standard

Fed. R. Civ. P. 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." The party seeking default judgment must prove proper service was given to the party against whom default is to be entered. Without proof of proper service, the defendant has no duty to answer and cannot be in default. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

In his amended complaint, Plaintiff alleges Defendant is a corporation and resident of Montana. (Doc. 5 at 1.) Fed. R. Civ. P. 4(h) provides that a corporation must be served "in the manner prescribed by Rule 4(e)(1) for serving an individual; or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. . . ."

## III. Discussion

Plaintiff has failed to meet his burden of showing by affidavit or otherwise that Defendant failed to plead or otherwise defend under Fed. R. Civ. P. 4(h). Specifically, Plaintiff has failed to set forth the details of service authorizing

Moulton Bellingham Longo Mather to receive service on Defendant's behalf. As a corporation registered with the state of Montana, Defendant must be served with a summons as provided by Rule 4(h). However, there is no indication Plaintiff served Defendant as an individual, or by delivering the summons to an officer or authorized agent. Without a showing that Moulton Bellingham Longo Mather was a correct recipient of service under Rule 4(h), proper service cannot be found, and default cannot be entered.

## IV.  Conclusion

Based on the foregoing, **IT IS RECOMMENDED** that Plaintiff's Application for Entry of Default (Doc. 8) be DENIED.

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendation must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after entry hereof, or objection is waived.

DATED this 3rd day of October, 2018.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge