IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

FILED
SEP 1 0 2019
Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| ROBERT A. EATON,<br><br>Plaintiff,<br><br>vs.<br><br>MONTANA SILVERSMITHS,<br><br>Defendants. | CV 18-65-BLG-SPW<br><br>ORDER ADOPTING<br>MAGISTRATE'S FINDINGS<br>AND RECOMMENDATIONS |

The United States Magistrate Judge filed Findings and Recommendations on July 12, 2019. (Doc. 28.) The Magistrate recommended the Court deny Montana Silversmiths' Motion to Dismiss (Doc. 16) as to Counts 1 and 2 and grant it without prejudice as to Counts 3 through 6. (Doc. 28 at 20.) Eaton timely filed objections to the findings and recommendations. (Doc. 32.)

When a party timely objects to any portion of the Magistrate's Findings and Recommendations, the Court must review those portions of the Findings and Recommendations de novo. 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Business Machines*, 656 F.2d 1309, 1313 (9th Cir. 1981). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28

1

U.S.C. § 636(b)(1). The Court needs not review the factual and legal conclusions to which the parties do not object. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Neither party objects to the Magistrate's findings and recommendations as to Counts 1 and 2 or the Magistrate's conclusions of law. Eaton does not appear to object to the Magistrate's findings of fact as to Counts 3 through 6, either. Instead, his objections recite additional facts he alleges establish prima facie cases for each count.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plausibility determination is context-specific, and courts must draw on judicial experience and common sense in evaluating a complaint. *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014).

The Magistrate based his recommendation to dismiss Counts 3 through 6 on deficiencies in Eaton's Second Amended Complaint under Fed. R. Civ. P. 12(b)(6). The Magistrate correctly concluded Eaton's complaint fails to allege sufficient facts

to state the following plausible claims: disability discrimination in violation of the ADA or FMLA (Count 3); age discrimination in violation of the ADEA (Count 4); creation of a hostile work environment in violation of Title VII (Count 5); and defamation (Count 6). Although in his objections, Eaton alleges additional facts that could establish prima facie claims for Counts 3 through 6, doing so does not cure the defective complaint itself where the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell*, 550 U.S. at 570).

Nevertheless, the Court finds it appropriate to grant Eaton an opportunity to amend his complaint because it is possible to cure the deficiencies by alleging additional facts. *See* F. R. Civ. P. 15(a)(2); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."). Accordingly,

IT IS ORDERED that the proposed Findings and Recommendations entered by the United States Magistrate Judge (Doc. 28) are ADOPTED IN FULL.

IT IS FURTHER ORDERED:

1. Defendant's Motion to Dismiss (Doc. 16) is GRANTED as to Counts 3 through 6 and DENIED as to Counts 1 and 2 of Plaintiff's Second Amended Complaint (Doc. 12).

2. Counts 3 through 6 of Plaintiff's Second Amended Complaint (Doc. 12) are DISMISSED without prejudice.

3. Plaintiff is granted leave to amend his complaint until September 30, 2019.

DATED this 10th day of September, 2019.

_Susan P. Watters_
SUSAN P. WATTERS
United States District Judge