IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ROBERT A. EATON,<br><br>                Plaintiff,<br><br>vs.<br><br>MONTANA SILVERSMITHS,<br><br>                Defendant. | CV 18-65-BLG-SPW<br><br>ORDER ADOPTING<br>FINDINGS AND<br>RECOMMENDATIONS |

Before the Court are U.S. Magistrate Judge Cavan's Findings and Recommendations (Doc. 79) on Defendant Montana Silversmiths' Partial Motion to Dismiss (Doc. 54) on Count VII of Plaintiff Robert Eaton's Fourth Amended Complaint. (Doc. 48). Judge Cavan recommended that Count VII be dismissed for failure to state a claim upon which relief may be granted. (Doc. 79 at 1). Eaton, representing himself *pro se*, timely filed an objection. (Doc. 80). Montana Silversmiths ("Silversmiths") responded to Eaton's objection. (Doc. 82). For the following reasons, the Court adopts the Findings and Recommendations in their entirety.

### I. Background

The instant motion arises from Eaton's Fourth Amended Complaint, in which he added an additional count (Count VII) alleging that Silversmiths "breached their

1

own contract several times, leading to retaliation and wrongful termination." (Doc. 48 at 20). In support of this allegation, Eaton describes three sections of the employee handbook and instances where he believes the handbook's policies were not followed. (Doc. 48 at 21-22). Eaton, in his initial complaints, made wrongful discharge claims. (*See* Doc. 2, 5, 12, and 34). Silversmiths moved to dismiss Count VII under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted. (Doc. 54). Silversmiths argued that the Montana Wrongful Discharge from Employment Act[1] ("WDEA") precludes common law breach of contract claims based on that same discharge, and additionally argues that even if not precluded, Eaton failed to allege the existence of an enforceable contract. (Doc. 54 at 9-16).

Judge Cavan found that the handbook Eaton alleged formed the basis of Count VII did not create a contract and, even if it did, the WDEA precludes such a claim. (Doc. 79). Judge Cavan explained that under Montana law, handbooks distributed after hiring are generally not considered a contract because they are usually unilateral and their terms are not bargained for. (Doc. 79 at 9). Even absent that general rule, the Silversmiths handbook expressly disclaims the intent to form a contract; the handbook stated that it did not guarantee a fixed term of employment and stated it could be changed unilaterally, further demonstrating a lack of intent to

---

[1] Mont. Code Ann. Sec. 39-2-901, et seq.

2

bind Silversmiths. (Doc. 79 at 11). Therefore, Judge Cavan found there cannot be relief for breach of contract when no contract exists.

Next Judge Cavan concluded that the exclusive remedy portion of the WDEA precludes Eaton from asserting common law contract claims stemming from his discharge. (Doc. 79 at 14-15). The WDEA "provides the exclusive remedy for wrongful discharge from employment." Mont. Code Ann. § 39-2-902. Except as provided in the WDEA, "no claim for discharge may arise from tort or express or implied contract." Mont. Code Ann. § 39-2-913. Judge Cavan found that "none of Eaton's alleged contract claims constitute separate and independent claims which could have been asserted in the absence of his discharge." (Doc. 79 at 13). In the contract claims Eaton describes in Count VII, he does not claim damages arising from the breach beyond his termination. Judge Cavan concluded that Count VII failed to state a claim upon which relief could be granted and recommended dismissal with prejudice. (Doc. 79 at 15).

## II. Standard of Review

The parties are entitled to *de novo* review of those findings or recommendations to which they object. 28 U.S.C. § 636(b)(1). When neither party objects, this Court reviews the Magistrate's Findings and Recommendation for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). A party makes a proper objection "by identifying

3

the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority such that the district court is able to identify the issues and the reasons supporting a contrary result. *Lance v. Salmonson*, 2018 WL 4335526 at *1 (D. Mont. Sept. 11, 2018).

Dismissal under Rule 12(b)(6) is proper when the complaint either "(1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court's review of a 12(b)(6) motion is limited to the pleadings and, in limited circumstances, to documents attached to the pleadings or incorporated by reference. *U.S. v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003).

### III. Discussion

Eaton, in his objection, requests "reconsideration" of his breach of contract claim for several reasons. (Doc. 80 at 2). First, Eaton alleges that there are at least five contracts besides the handbook between he and Silversmiths that apparently form the basis for his claims in Count VII. (Doc. 80 at 3). This seems to be an attempt to circumvent Judge Cavan's finding that the handbook could not constitute a contract. The Court will not consider objections other than those

relating to Count VII—that is, those based off the handbook—because the language in the pleading explicitly states that the claim is based off violations of the handbook's policies. To do otherwise would be to stray beyond the scope of the Findings and Recommendations and beyond the pleading standards set by *Iqbal* and *Twombly*. The separate breach of contract theories Eaton alleges for the first time in his objections were not presented in any of his complaints and so the Court will not consider them at this stage.

Eaton next objects that Judge Cavan incorrectly found that the handbook did not form a contract. (Doc. 80 at 6-7). Eaton argues that a valid contract, with offer, acceptance, consideration, and legal object, was formed when he signed and followed the handbook. Eaton does not cite to, and the Court cannot find, any authority or legal argument contrary to Judge Cavan's finding that handbooks that specifically disclaim contractual obligations without bargained for terms, and without separate consideration other than that of the employment relationship, do not create contractual obligations. The existence of an employment relationship between Eaton and Silversmiths does not also require that every document signed creates a separate contract, as Eaton suggests. Judge Cavan correctly found that the handbook at issue did not form a contract.

Eaton also objects to Judge Cavan's finding that even if a contract existed, it is precluded by the exclusivity portion of the WDEA. (Doc. 80 at 6). The WDEA

"provides the exclusive remedy for wrongful discharge from employment." Mont. Code Ann. § 39-2-902. Except as provided in the WDEA, "no claim for discharge may arise from tort or express or implied contract." Mont. Code Ann. § 39-2-913. Claims which are unrelated to an alleged wrongful discharge are not pre-empted, while claims which are inextricably intertwined with a discharge are barred under the statute. *Beasley v. Semitool, Inc.*, 853 P.2d 84, 86-87 (Mont. 1993).

Eaton once again supplies no legal authority to support his position that his claims should be viewed as separate from the wrongful discharge action aside from an uncited quotation for which the Court cannot find the source. Eaton's statement in his Fourth Amended Complaint that Silversmiths breached the handbook "several times, leading to retaliation and wrongful termination of Mr. Eaton" is fatal to his subsequent argument in his objection that the claim is independent. Judge Cavan correctly determined that, were the handbook a contract, Eaton's claims as pled relating to violations of the handbook are precluded by the WDEA under its exclusivity provision.

### IV. Conclusion

For these reasons, the Court ADOPTS in full Judge Cavan's Findings and Recommendations. Accordingly, Montana Silversmith's Motion to Dismiss (Doc. 54) is GRANTED and Count VII of Eaton's Fourth Amended Complaint is DISMISSED WITH PREJUDICE.

DATED this 1st day of March 2021.

                                                                                       _/s/ Susan P. Watters_
                                                                                       SUSAN P. WATTERS
                                                                                       United States District Judge