IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ROBERT A. EATON,<br><br>Plaintiff,<br><br>vs.<br><br>MONTANA SILVERSMITHS,<br><br>Defendant. | CV 18-65-BLG-SPW<br><br>ORDER |

Before the Court is Plaintiff's Motion to Certify an Interlocutory Appeal of this Court's order on Defendant's Motion for Summary Judgment. (Doc. 120). Defendant opposes the motion. (Doc. 124).

Parties typically can only appeal final orders that end litigation. *Couch v. Telescope Inc.*, 611 F.3d 629, 632 (9th Cir. 2010). However, a narrow exception is found in 28 U.S.C. § 1292(b), which provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* that application for an appeal hereunder shall not stay proceedings in the district court unless

1

the district judge or the Court of Appeals or a judge thereof shall so order.

Certification for interlocutory review is "to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981). To certify under § 1292(b), the district court must find: "(1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." *Id.*

Plaintiff makes no showing as to the latter two prongs. Plaintiff uses this motion merely to relitigate his claims and provides no justification why the normal appellate process should be disregarded here. Plaintiff's voluminous briefing is confusing and cites inapplicable statutes as well as makes new requests and claims, such as a complaint about not receiving a hearing on the summary judgment motion, that are far afield from the scope of the motion. Accordingly, Plaintiff's motion (Doc. 120) is DENIED.

DATED this 1st day of February 2022.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge

2