IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

|  |  |
|---|---|
| ROBERT A. EATON,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>MONTANA SILVERSMITHS,<br><br>　　　　　Defendant. | CV 18-65-BLG-SPW<br><br>ORDER |

Before the Court is Defendant Montana Silversmiths' Second Motion for Summary Judgement. (Doc. 137). Defendant moves for judgment in its favor on the sole surviving issue from the Court's order on the first summary judgment motion: whether Eaton was unlawfully retaliated against when his performance evaluation was changed after he made reports of possible sexual harassment in the workplace. (Doc. 138 at 2). The Court, in its prior order, determined that Eaton established a prima facie claim for retaliation under Title VII and that Montana Silversmiths did not, in its original briefing, make argument articulating a legitimate, non-discriminatory reason for the adverse employment action. Therefore, summary judgment was inappropriate. (Doc. 113 at 21). The Court, having extensively discussed the factual underpinnings of this action in previous

1

orders, incorporates those factual findings here in lieu of another full factual recitation.

## I. Legal Standard

Summary judgment is appropriate where the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable factfinder to return a verdict for the nonmoving party. *Id.* "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party fails to discharge this initial burden, summary judgment must be denied; the court need not consider the non-moving party's evidence. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 159-60 (1970).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In

2

attempting to establish the existence of this factual dispute, the opposing party must "go beyond the pleadings and by 'the depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).

Because the Court has ruled that there is a factual dispute as to whether Eaton engaged in protected activity and suffered an adverse employment action, i.e., the negative April 2017 performance review, the burden shifts to Montana Silversmiths "to articulate some legitimate, nondiscriminatory reason" for the adverse employment action. *Texas Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 253 (1981) (internal citation omitted); *E.E.O.C. v. Crown Zellerbach Corp.*, 720 F.2d 1008, 1012 (9th Cir. 1983).

If Montana Silversmiths meets its burden, then Eaton has an opportunity to prove by a preponderance that the legitimate reason was not the true reason, but a pretext for discrimination. *Id.* at 256; *Crown Zellerbach*, 720 F.2d at 1012. Pretext can be shown by either direct or circumstantial evidence. "Only a small amount of direct evidence is necessary in order to create a genuine issue of material fact as to pretext." *Bergene v. Salt River Project Agr. Imp. & Power Dist.*, 272 F.3d 1136, 1142 (9th Cir. 2001). But "[c]ircumstantial evidence of pretext must be specific and substantial in order to survive summary judgment." *Id.*

3

## II. Discussion

Montana Silversmiths argues that it possessed a legitimate, nondiscriminatory reason for Eaton's April 2017 negative performance review. (Doc. 138 at 13). In the initial 2017 Annual Performance Evaluation, Eaton received the lowest possible marks (4 – Does Not Consistently Meet Expectations) in two categories: "Interaction with co-workers" and "Resolves conflicts in an appropriate manner." (Doc. 96-3 at 7). In the "Comments" section for the entries, the evaluation stated: "At times [Eaton] creates unwelcoming environment in regard to Travis while at the same time interacting well with Rick and Brian" and "Sidesteps proper reporting of concerns outside management hierarchy." (Doc. 96-3 at 7). The day he received his annual evaluation, Eaton met with Lance Neirby, the Vice President of Operations for Montana Silversmiths, and discussed Eaton's performance review and Eaton's continuing belief that sexual harassment was occurring in the workplace.

The next day, April 5, 2017, Eaton, Neirby, and Eaton's supervisor, Justin Deacon, met to discuss the performance evaluation. Neirby changed the comment under "Interaction with co-workers" to "Challenging relationship exists between employee and direct supervisor." (Doc. 96-3 at 9). Neirby stated that the wording was changed as a result of Eaton's behavior during the course of the second

4

meeting, which apparently included screaming, yelling, obscenities, and aggressive behavior toward Deacon. Neirby also stated that he changed the comment to calm Eaton down. (Doc. 96-20 at 44-46). The scores did not change. There is no evidence that the sexual harassment allegations were discussed specifically during the April 5 meeting.

Montana Silversmiths argues that Eaton's angry and aggressive behavior was the business reason behind changing the language in the performance review, both to better reflect the situation and as an attempt to defuse Eaton's anger. (Doc. 138 at 12). Montana Silversmiths notes that the scores were not changed and asserts that there was clearly an issue between Eaton and his supervisor that needed to be addressed to have a viable employee-employer relationship.

Eaton, in response, asserts that he was mocked and made to appear violent during the April 5 meeting. He claims that no conflict existed until after Neirby told Deacon about Eaton's allegations. However, there is no support for this contention other than Eaton's assertions; the deposition excerpts Eaton cites do not reflect the core of Eaton's assertions. (See Doc. 142 at 72-76).

Eaton also connects the performance evaluation to his eventual termination. (Doc. 143 at 28). He asserts that he was denied opportunities to advance his cross-training due to his downgraded performance evaluation. (Doc. 143 at 32). However, this assertion is not supported by the record and the citations to the

disputed facts Eaton relies upon are incorrect. First, these are merely self-serving claims and esoteric details smuggled into an already confusing Statement of Disputed Facts. To combat the sworn deposition testimony of Neirby and Deacon, Eaton must cite to particular parts of materials in the record that would demonstrate a genuine dispute as to the facts. Eaton merely asserts that these reasons are untrue or not the complete picture but does not support these arguments with discrete facts. Although Eaton is allowed leeway based on his *pro se* status, it is not the Court's role to fashion arguments for him. Second, and more importantly, it is Eaton's burden to show that there is a genuine issue of material fact regarding whether Montana Silversmiths given reason for changing his performance evaluation was pretextual. Eaton does not present any direct evidence on this issue. The change in language in the comments is minimal and the performance scores did not change. The total score was on par with previous evaluations. (See Doc. 96-3). Eaton's belief that the changes to the evaluation resulted from his continued reporting of perceived sexual harassment is an insufficient basis to rebut Montana Silversmiths' assertion that Eaton's interaction with his coworkers needed to be addressed. Certainly, an employee yelling profanities at his supervisor during a meeting reflects a "challenging relationship" between the two that could negatively impact the workplace.

Montana Silversmiths has demonstrated that, according to the undisputed material facts, it had a legitimate and non-discriminatory reason in altering Eaton's 2017 Performance Evaluation. Eaton fails to introduce evidence from which a reasonable person could conclude the contention that a legitimate business justification existed for the amendments is in doubt. *See Chauhan v. M. Alfieri Co.*, 897 F.2d 123, 127 (3d Cir. 1990). He provides no direct evidence and the little circumstantial evidence supplied is both insufficiently supported and developed in the record and is neither specific nor substantial enough to justify an inference in Eaton's favor. He has not shown that the reason provided is false or that retaliation was the real reason. *See St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 515 (1993).

### III. Conclusion

IT IS ORDERED that Montana Silversmiths' Second Motion for Summary Judgment (Doc. 137) is GRANTED. Because there are no remaining issues in controversy, judgment shall be entered in favor of Defendant. Any remaining motions and deadlines, such as the trial date, are VACATED.

DATED this 25th day of May, 2022.

SUSAN P. WATTERS
United States District Judge