IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ROBERT A. EATON,<br><br>             Plaintiff,<br><br>vs.<br><br>MONTANA SILVERSMITHS,<br><br>             Defendant. | CV-18-65-BLG-SPW<br><br>ORDER ON DEFENDANT'S COMBINED MOTION FOR A MORE DEFINITE STATEMENT AND MOTION TO STRIKE |

On August 5, 2024, the Court granted Robert A. Eaton leave to amend his Fourth Amended Complaint after the Ninth Circuit remanded his case to adjudicate two remaining claims: (1) a claim under the Family and Medical Leave Act (FMLA) and (2) a claim for retaliation relating to Eaton's 2017 Annual Performance evaluation. (Docs. 180, 162). Eaton filed his Fifth Amended Complaint ("FAC") on August 19, 2024. (Doc. 181).

Due to the FAC's "repetitive and irrelevant allegations, evidentiary averments, narratives, and random tangents," Montana Silversmiths ("MTS") filed a motion seeking a Court order requiring Eaton to amend his FAC with a more definite statement. (Doc. 185 at 2). In the alternative, MTS requested a Motion to Strike redundant, immaterial, and impertinent portions of the FAC. (*Id.* at 3).

1

The Court will not restate the factual or procedural background for purposes of this Order but will address the merits of MTS's motions. For the reasons stated below, the Court denies the Motion for a More Definite Statement and the Motion to Strike (Doc. 185).

## I. Legal Standard

### A. *Motion for a More Definite Statement and Motion to Strike: Federal Rules of Civil Procedure 12(e)–(f).*

A motion for a more definite statement is appropriate only when a pleading is so vague or ambiguous that the responding party cannot reasonably prepare a response. Fed. R. Civ. P. 12(e). Likewise, an order granting the motion is appropriate when the responding party cannot ascertain the substance of the asserted claim. *Buckley v. Cnty. Of San Mateo*, No. 14-cv-05488, 2015 WL 5769616, at *5 (N.D. Cal. Oct. 2, 2015). Though Rule 12(e) motions are disfavored and rarely granted, the motion is within the discretion of the district court. *Underwood v. O'Reilly Auto Parts, Inc.*, 671 F. Supp. 3d 1180, 1187 (D. Nev. 2023). "If the court grants a party's motion for a more definite statement, the court may allow leave to amend the pleading to make them consistent with the rules of pleading outlined in [Federal Rule of Civil Procedure] 8." *Id.*

Additionally, a court may strike "any redundant, immaterial, impertinent, or scandalous matter from a pleading." Fed. R. Civ. P. 12(f). The court may do so on its own or on motion made by either party before responding to the pleading. *Id.*

The function of a Rule 12(f) motion is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). "In resolving such motions, the court must view the pleading in a light most favorable to the non-moving party and resolve any doubt as to the relevance of the challenged allegations in favor of the non-moving party." *Figueroa v. Kern County*, 506 F. Supp. 3d 1051, 1056 (E.D. Cal. 2020).

B.   *Pro Se Pleadings*

Additionally, courts must construe pleadings by pro se litigants liberally. *Draper v. Rosario*, 836 F.3d 1072, 1080 (9th Cir. 2016). Though a pro se litigant's pleadings are not held to the same standard as pleadings filed by attorneys, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F,2d 565, 567 (9th Cir. 1987), *overruled on other grounds*; *see also Hernandez v. Nye Cnty. Sch. Dist.*, No. 2:10-CV-714, 2011 WL 2938274 at *1 (D. Nev. Jul. 19, 2011) (explaining that pro se litigants are "not entirely immune from the civil rules of procedure."). The court "has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

3

## II. Discussion

### A. *Motion for a More Definite Statement and Motion to Strike*

The purpose of a complaint is to provide sufficient notice to the defendant of the claims and grounds upon which they rest, while adhering to the requirements of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8 states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The complaint must make specific allegations and provide sufficient notice to the defendant. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Additionally, "a party must state its claims or defense in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

In turn, the defendant's answer mirrors the complaint. Like a complaint, the answer must state in short and plain terms the defenses to each claim asserted and admit or deny the allegations asserted. Fed. R. Civ. P. 8(b). The answer must also include affirmative defenses. Fed. R. Civ. P. 8(c). The purpose of these rules is to prevent surprise and ensure that the plaintiff is aware of the defenses that will be raised. *Lopez v. U.S. Fidelity & Guaranty Co.*, 18 F.R.D. 59, 61 (Territory of Alaska, Fourth Division July 15, 1955).

Consequently, the rules allow a party to move the court for a more definite statement if a pleading is "so vague or ambiguous that the party cannot reasonably

4

prepare a response." Fed. R. Civ. P. 12(e). The rule is aimed at addressing unintelligibility rather than a mere lack of detail. *Underwood*, 671 F. Supp. at 1188. "A motion for a more definite statement should not be granted unless the defendant literally cannot frame a responsive pleading." *Id.* (citations omitted).

Here, the Court agrees with MTS that Eaton's FAC is repetitive, redundant, and does not meet the short and plaint statement standard. However, based on the liberal standards applied to pro se pleadings, the FAC is not so vague or ambiguous that MTS "literally cannot frame a responsive pleading." The parties agree the Ninth Circuit remanded the case with two remaining claims: (1) a claim under the FMLA and (2) a claim for retaliation relating to Eaton's 2017 Annual Performance evaluation. (Doc. 185 at 2; Doc. 186 at 2, 12; Doc. 187 at 1, 2; Doc. 192 at 3, 10). MTS should not have an issue responding to Eaton's allegations because it is already aware of the remaining claims.

If MTS chooses to respond, the Court has assigned paragraph numbers to Eaton's FAC and attached it to this Order. *See* Discussion *infra* Section II.B. MTS may use the attached FAC and corresponding paragraphs to frame its answer.

Accordingly, the Court denies MTS's motions on the grounds that the parties are thoroughly acquainted with the remaining issues of the case and despite the length and redundancy of Eaton's FAC, MTS can reasonably frame an answer using the attached FAC.

### B. *MTS is not required to file an answer to the Fifth Amended Complaint*

Federal Rule of Civil Procedure 8(c) requires a party to "affirmatively state any avoidance or affirmative defense" in response to a pleading. In general, an affirmative defense not asserted in an answer to the complaint is waived or forfeited by the defendant. Fed. R. Civ. P. 8(c)(1), 12(b), 15(a). However, "[a] defendant is not required to file a new answer to an amended complaint when the allegations in the amended complaint do not 'change the theory or scope of the case.'" *KST Data, Inc. v. DXC Technology Co.*, 980 F.3d 709, 715 (2020) (quoting *Stanley Works v. Snydergeneral Corp.*, 781 F. Supp. 659, 665 (E.D. Cal. 1992)). But when an amended complaint "does not add new parties, new claims, or significant new factual allegations . . . the previously filed response to the original pleading [will] suffice." *Upek, Inc. v. Authentec, Inc.*, No. 10-424-JF-PVT, 2010 WL 2681734, at *3 (N.D. Cal. July 6, 2010).

Here, MTS is not required to respond and reassert affirmative defenses to Eaton's FAC because Eaton has not added new parties, new claims, or significant factual allegations. Further, "the law of the case doctrine states that the decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case," and "controls unless the first decision is clearly erroneous and would result in manifest injustice, there has been an intervening change in the law, or the evidence on remand is substantially different." *Waggoner v. Dallaire*, 767

6

F.2d 589, 593 (9th Cir. 1985) (internal punctuation and citations omitted); (*See* Doc. 180 at 11–13). As the remaining proceedings are bound by the Ninth Circuit's mandate, the theory and scope of the FMLA and retaliation claims are unchanged.[1] Thus, MTS's previously filed response (Doc. 111) will suffice. Nevertheless, it may file a new answer if it so chooses.

### III. Conclusion

IT IS SO ORDERED that MTS's Motion for a More Definite Statement and Motion to Strike (Doc. 185) are DENIED.

Further, if MTS chooses to file an answer, it must do so within 14 days of this Order.

DATED this 21st day of January, 2025.

/s/ Susan P. Watters
SUSAN P. WATTERS
United States District Judge

---

[1] The Court recognizes that MTS argues under the law of the case doctrine in its Motion for Summary Judgment (Docs. 197, 205). The ruling in this Order does not affect MTS's arguments or the Court's analysis and future ruling on the Summary Judgment Motion.